UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL PÉREZ GOÑI,<br>　　Petitioner,<br>　　　v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>　　Respondent. | NO. CV 17-4540-JVS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

　　Petitioner has been convicted of crimes and sentenced in at least two states, Florida and California. (Report at 3-4.) He is currently serving sentences in a Florida state prison. California has lodged a detainer and, according to the Petition, intends to take custody of him when he completes serving his Florida

sentences. Petitioner seeks an order requiring California to take custody of him now, give him credit for time served on his sentences in Florida and release him on parole. (Report at 2.)

The Report recommends that the Court grant Respondent's motion to dismiss the Petition as untimely. Although the Petition alleges that California decided in November 2008 not to take custody of him when he finished his first Florida sentence, the Report explains that neither party provided the court with documentation, or the date, of California's decision in November 2008. Therefore, for purposes of analyzing the statute of limitations, the Report used a commencement date of June 5, 2013, when Petitioner constructively filed a state habeas petition in Los Angeles County Superior Court that for the first time challenged California's November 2008 decision. (Dkt. No. 11 at 6-14.)

The Report granted Petitioner statutory tolling during the time that his state habeas petitions were pending in California state courts. (Report at 8.) In his objections, Petitioner appears to argue that he is entitled to additional statutory tolling for the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" in state and federal courts in Florida. *See* 28 U.S.C. § 2244(d)(2). The Report correctly concluded that collateral proceedings in federal court do not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The objections identify three Florida state proceedings. (Obj. at 2.) The first proceeding, *State v. Goni*, Case No. F00-33573 (Miami-Dade County Circuit Court), included petitions or motions seeking an order requiring Florida to transfer Petitioner to California. Assuming that Petitioner is entitled to additional statutory tolling based on these petitions or motions, Petitioner would receive statutory tolling for the period June 17, 2013 (the constructive filing date of Dkt. No. 271) through December 2, 2013 (the date of the last court order on that round of

petitions and appeals, Dkt. Nos. 285, 314, 327, 328).[1]  This period of time overlaps with, and is included in, the statutory tolling Petitioner already received for the period June 5, 2013 through December 20, 2013 based on his California state habeas proceedings.

The other two proceedings consistent of a state habeas proceeding, *Goni v. Fla. Dep't of Corr.*, Case No. 04-2013-CA-360 (Bradford County Circuit Court), and the appeal, Case No. 1D13-3703 (District Court of Appeal, First District). Based on the information in the record and publicly available court records, the state habeas proceeding commenced on June 19, 2013 and the mandate issued from the court of appeal on March 17, 2015.[2]

Assuming that Petitioner is entitled to additional statutory tolling based on these proceedings, Petitioner would receive statutory tolling for the period June 5, 2013 through March 17, 2015.  The court notes that Petitioner subsequently filed another motion in the first Florida state proceeding in July 2015 requesting that he be released to California.  (FAP at 52-53; Case No. F00-33573, Dkt. No. 340). The motion was denied on July 22, 2015.  (FAP at 54.)  Thus, even giving Petitioner the benefit of statutory tolling through July 22, 2015, the statute of limitations expired one year later on July 22, 2016.[3]  The Petition, which was constructively filed on June 9, 2017, remains time barred.

In his objections, Petitioner argues that he is entitled to equitable tolling based on denial of access to the law library.  Petitioner's citations are to his

---

[1] A copy of the public docket in this Florida state proceeding is attached to this order as Exhibit 1 for reference.

[2] A copy of the public docket in this Florida state proceeding, which includes entries for the appellate decision, is attached to this order as Exhibit 2 for reference.

[3] To the extent Petitioner filed any additional state petitions or motions after July 22, 2016, such petitions or motions filed after the limitations period expired do not re-start the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

library requests and related documents after he filed the Petition in this court, long after the limitations period expired. (Obj. at 3-4; Dkt. No. 16 at 12-24; Dkt. No. 13 at 54-105.)

Finally, Petitioner argues that, without relief, he will end up serving more time than he received. Petitioner's argument does not make sense. He appears to be serving a 20-year sentence in Florida for attempted first degree murder, after previously serving a 20-year sentence for second degree murder in Florida. (Report at 3-4.) His sentence in California is 25 years to life plus one year for first degree murder. (First Amended Petition at 33.)

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: December 7, 2017

JAMES V. SELNA
United States District Judge